[Civ. No. 9828. First Appellate District, Division One.—August 5, 1936.]

MERCANTILE ACCEPTANCE CORPORATION OF CALIFORNIA (a Corporation), Respondent, v. HARVEY BURCHELL, Appellant.

Rosendale, Scott & Thomas for Appellant.

J. A. Bardin and J. T. Harrington for Respondent.

WARD, J., *pro tem.*—This is an appeal from a judgment awarding plaintiff $1390.87 with interest and attorney fees. Defendant, through his automobile sales business, disposed of an automobile to a third party under a conditional sales contract providing that title to the automobile should be reserved in the vendor until the purchase price had been fully paid. Approximately one-third of the purchase price was paid upon execution of the contract, and the balance was to be paid in two instalments. Immediately after the execution of the contract the vendor assigned and transferred, for a valuable consideration, all of his right, title and interest in the contract to plaintiff, a finance company engaged in the business of loaning money on the security of conditional sales contracts of automobiles. By the terms of the assignment defendant guaranteed the fulfillment of the contract according to its terms and guaranteed the payment of all moneys due or to thereafter become due. Upon default by the vendee the finance company had the privilege of election of one of four remedial rights, namely, repossession of the automobile, suit for the balance due upon the contract, re-

possession and appraisal of the automobile and payment of the balance after appraisal, and repossession and sale and payment of the balance after sale.

The purchaser defaulted on the instalments, whereupon the finance company obtained the automobile and placed it in the sales rooms of the vendor. Subsequently, plaintiff finance company requested of defendant that the car be turned over to it for sale, but defendant demurred upon the representation that he had a prospective sale and that such sale would minimize his loss, if any, under the contract. After a period of four months the car was driven out of defendant's place of business by one of defendant's employees without the consent of defendant. In an accident the car was damaged to the extent that salvage would not pay for the towage.

■ The question presented is whether or not the defendant, vendor and assignor, can defeat the right of the assignee to collect the balance due on the contract by raising the defense that plaintiff after obtaining the car from the purchaser failed to sell or appraise the same. It is admitted that after repossession the car was not sold or appraised, but the assignee was deterred from such action by the conduct of the defendant in persuading the assignee to permit the vehicle to remain in defendant's place of business for the purpose of sale. The evidence in this case justified the trial court in finding that the defendant was "estopped and precluded from maintaining that there was such an election". "The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted." (*Dickerson* v. *Colgrove*, 100 U. S. 578, 580 [25 L. Ed. 618]; *Carpy* v. *Dowdell*, 115 Cal. 677, 687 [47 Pac. 695].) Appellant cites a number of cases recognizing the established rule that the seller is vested with the privilege of exercising an election between two remedies, but that the election of one remedy necessarily excludes the right to any other. However, the doctrine of estoppel was not invoked in these cases.

■ The contract provided for insurance during the life of the contract. It appears from the evidence that plaintiff did not collect, and was not entitled to collect, insurance for the loss of the automobile under any of the clauses con-

tained in the insurance policy. Loss through theft by an employee while on duty, without the consent of the employer, and subsequent collision and consequent damage, was not embraced in the policy in question. This particular type of theft is not according to the evidence, usually covered in standard form insurance policies. There is evidence supporting the finding ''that plaintiff fully performed all of its agreements with defendant relative to the insurance of said automobile''.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 4, 1936.